IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALVA-AMCO PHARMACAL COS., INC., <br><br> Plaintiff, <br><br> v. <br><br> KRAMER LABORATORIES, INC., <br><br> Defendant. | Case No: 17-cv-_____ <br><br><br><br> JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Alva-Amco Pharmacal Cos., Inc. ("Alva-Amco"), by its undersigned attorneys, states the following for its Complaint against Defendant Kramer Laboratories, Inc. ("Defendant"):

## NATURE OF THE CASE

1. This is an action at law and in equity for: (1) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) Unfair Competition and False Designation of Origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) common law unfair competition and trademark infringement; (4) deceptive trade practices in violation of the Florida Deceptive and Unfair Competition Practices Act, Fla. Stat. Ann. §§ 501.201-213("FDUTPA"); and (5) cancellation of Defendant's HC MAX HONGO CURA trademark pursuant to 15 U.S.C. § 1119.

2. As described below, Defendant has used and continues to use trademarks that are confusingly similar to Alva-Amco's incontestable, federally registered FUNGICURE trademark, U.S. Registration No. 1,891,927, in connection with anti-fungal products ("FUNGICURE"). Registration attached hereto as Exhibit A.

3. Alva-Amco has not authorized Defendant to use its incontestable FUNGICURE trademark, or colorable imitations thereof, in connection with Defendant's anti-fungal treatments, including sprays and ointments. Defendant is improperly trading on the goodwill and reputation of Alva-Amco's FUNGICURE trademark creating a strong likelihood of consumer confusion. Unless enjoined by the Court, Defendant will continue to cause irreparable harm to Alva-Amco.

**PARTIES**

4. Alva-Amco is an Illinois corporation with a principal place of business in Niles, Illinois.

5. Alva-Amco is a leading producer of trusted specialty, non-prescription pharmaceuticals, including a variety of anti-fungal treatment products marketed under the name FUNGICURE. Alva-Amco advertises and sells its services throughout the United States through national chains and online retailers such as Albertsons, Jewel-Osco, H-E-B, Walgreens, Amazon, and also through Alva-Amco's website located at www.alva-amco.com.

6. Defendant is a Florida for profit corporation with a principal place of business in Coral Gables, Florida.

7. Defendant, through its Kramer Consumer Healthcare division, provides self-care products including anti-fungal treatments, including sprays and ointments, under the name HONGO CURA. "Hongo Cura" translated from Spanish to English is "fungus cure." Defendant advertises its product throughout the United States on Defendant's website located at www.kramerlabs.com. Defendant's HONGO CURA products are distributed nationally by retailers such as Walmart and Walgreens.

## **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction over the claims arising under the common law pursuant to 28 U.S.C. § 1367(a) because those are so related to the Lanham Act claims that they form part of the same case in controversy.

9. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because Defendant resides within this District, is committing acts of infringement and/or is contributing to or inducing acts of infringement in this judicial District such that the claims alleged in this Complaint arise in this District, and has conducted and continues to conduct business in this judicial District, including one or more acts of selling, using, offering for sale, leasing, licensing, sending and/or distributing infringing products to Defendant's customers in this District.

10. This Court has personal jurisdiction over Defendant for at least the following reasons: (i) Defendant is a Florida for profit corporation; (ii) Defendant's principal place of business is in this District and in this State; (iii) on information and belief, Defendant regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from the use and/or sale of its products and/or services provided to its customer in this District and in this State; (iv) Defendant has committed acts of trademark infringement and/or contributed to acts of trademark infringement by others in this District and this State and continues to do so, that include, but are not limited to, one or more acts of using, licensing, distributing and/or promoting the use of infringing products in this District and this State; and (v) Defendant has purposefully established substantial, systematic and continuous contacts with this District and this State and expects or should reasonably expect to be subjected to this Court's jurisdiction.

3

**BACKGROUND**

**I.     The FUNGICURE Trademark**

11.    Since at least as early as 1993, Alva-Amco has used the FUNGICURE trademark in connection with its anti-fungal treatment products.  An example of the current labeling for Alva-Amco's FUNGICURE products is below.



12.    On March 31, 1994, Alva-Amco filed a federal trademark application for the mark FUNGICURE which matured into U.S. Registration No. 1,891,927 in connection with "Pharmaceutical preparations, namely, anti-fungal treatment preparations."  *See* Exhibit A.

13.    Alva-Amco is the owner of the FUNGICURE mark.  *See* Exhibit A.

14.    U.S. Registration No. 1,891,927 for the trademark FUNGICURE is valid, subsisting in full force and effect, is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.  The registration is conclusive evidence of the validity of the FUNGICURE trademark and the registration of the FUNGICURE trademark, Alva-Amco's ownership of the FUNGICURE trademark, and of Alva-Amco's exclusive right to use the FUNGICURE trademark.

15.    Alva-Amco has expended substantial monies in marketing, advertising, and promoting the FUNGICURE Mark and, through such advertising and the sale of related

products, has generated substantial goodwill and customer recognition in the FUNGICURE Mark.

16. Alva-Amco uses the FUNGICURE trademark to advertise its products throughout the United States, including to residents of this District, through various streams of commerce, including national and online retailers such as Jewel-Osco, Walgreens, Amazon, and also Alva-Amco's website located at www.alva-amco.com.

17. Alva-Amco has derived substantial benefits from its sales of products under the FUNGICURE trademark.

18. As a result of the continuous and extensive marketing and sales of Alva-Amco's services under the FUNGICURE trademark, Alva-Amco's anti-fungal treatment products have come to be, and now are, well and favorably known under the FUNGICURE trademark. The FUNGICURE trademark is distinctive of Alva-Amco's products, and valuable goodwill has been built up in the FUNGICURE trademark.

19. Alva-Amco's rights under the FUNGICURE trademark entitle it to immediate and strong protection from unfair competition, infringement, and injury to the mark and the goodwill represented by such mark.

**II.  Defendant's Unauthorized and Infringing Use of the HONGO CURA Trademarks**

20. Defendant markets and sells anti-fungal treatment products using the HONGO CURA and HC MAX HONGO CURA trademark and design (collectively "HONGO CURA" or "HONGO CURA trademarks"). Examples of Defendant's present product labels are included below.



21.     Defendant's anti-fungal treatment products are closely related and/or identical to Alva-Amco's products.

22.     Defendant markets its HONGO CURA products to the general public, with an emphasis on Spanish speaking customers in the United States.

23.     Defendant's HONGO CURA trademarks are identical or confusingly similar to Alva-Amco's FUNGICURE trademark once the foreign words are translated into English, as required by trademark law.  *See, e.g.*, TMEP § 1209.03(g).  The direct translation of "hongo cura" from Spanish to English is "fungus cure."  Accordingly, Defendant's use of the HONGO CURA trademarks infringes Alva-Amco's FUNGICURE trademark.

24.     On information and belief, Defendant's use of the HONGO CURA trademarks is and has been with knowledge of the extensive prior use by Alva-Amco of the FUNGICURE trademark.

25.     On information and belief, Alva-Amco used the FUNGICURE trademark in connection with its anti-fungal products before Defendant adopted and began using Defendant's HONGO CURA trademarks, and the FUNGICURE trademark registration was filed and issued prior to Defendant's adoption and use of the HONGO CURA trademarks.

26.     Defendant's HONGO CURA trademarks are confusingly similar to Alva-Amco's FUNGICURE trademark, and the use thereof by Defendant in connection with Defendant's anti-

fungal products is likely to cause confusion, mistake, or deception among the relevant consumers that Defendant's products are those of Alva-Amco's or are otherwise endorsed, sponsored, or approved by Alva-Amco. Accordingly, Defendant's use of HONGO CURA will cause confusion, mistake, or deception as to whether an affiliation, connection, or association between Defendant and Alva-Amco exists.

27. Defendant uses the HONGO CURA trademarks in misleading ways, including on Defendant's products and in marketing and advertising for Defendant's products, and on its website where it markets its products.

28. As a result of Defendant's conduct, Alva-Amco has suffered and continues to suffer irreparable injury to itself, its reputation, its FUNGICURE trademark, and the goodwill represented by such trademark for which there is no adequate remedy at law, entitling Alva-Amco to injunctive relief.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

29. Alva-Amco re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-28.

30. Defendant uses the HONGO CURA trademarks to advertise, offer for sale, and to sell in interstate commerce Defendant's anti-fungal treatment products.

31. Alva-Amco uses its FUNGICURE trademark to advertise and sell its anti-fungal treatment products, and holds an incontestable Federally Registered trademark in connection with this use.

32. Defendant's products are identical and/or highly similar to Alva-Amco's products.

33. Under the doctrine of foreign equivalents, Defendant's use of the HONGO CURA trademarks is confusingly similar to Alva-Amco's FUNGICURE trademark.

34. Defendant's use of the HONGO CURA trademarks on its anti-fungal treatment products and in advertising for Defendant's products misleads and confuses consumers as to the source of Defendant's products and creates a false suggestion of a connection with Alva-Amco.

35. Alva-Amco has not authorized or consented to Defendant's use of the HONGO CURA trademarks.

36. Defendant's use of the HONGO CURA trademarks is likely to cause confusion or mistake, or to deceive consumers into falsely believing that Alva-Amco is the source of Defendant's products or that Defendant or Defendant's products are sponsored by, affiliated with, endorsed by, or approved by Alva-Amco.

37. Defendant's use of the HONGO CURA trademarks infringes Alva-Amco's FUNGICURE trademark in U.S. Registration No. 1,891,927.

38. Defendant's actions described above were and are intentional, willful and in reckless disregard for Alva-Amco's trademark rights.

39. Defendant's actions described above have misappropriated and damaged the value of Alva-Amco's FUNGICURE trademark.

40. Defendant's actions described above have unjustly enriched Defendant.

41. Defendant's actions described above have and are continuing to cause irreparable injury to Alva-Amco for which there is no adequate remedy at law.

42. Defendant's actions described above constitute willful trademark infringement entitling Alva-Amco to remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(A))

43. Alva-Amco re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-28.

44. Alva-Amco has continuously and extensively used its FUNGICURE trademark throughout the United States in connection with the marketing and sale of its anti-fungal treatment products.

45. Alva-Amco's FUNGICURE trademark has come to represent and symbolize high quality products.

46. Defendant is not authorized to use Alva-Amco's FUNGICURE trademark.

47. Defendant's use of the HONGO CURA trademark is likely to cause confusion or mistake, or to deceive customers into falsely believing that Defendant is approved by, sponsored by, endorsed by, or otherwise affiliated with Alva-Amco in violation of Section 43(a) of the Lanham Act.

48. Defendant's use of the HONGO CURA trademarks described above is and was intentional, willful, and in reckless disregard for Alva-Amco's trademark rights.

49. Defendant's conduct described above has misappropriated and diminished the value Alva-Amco created in its FUNGICURE trademark.

50. Defendant's actions described above have unjustly enriched Defendant.

51. Defendant's actions described above have and are continuing to cause irreparable injury to Alva-Amco for which there is no adequate remedy at law.

52. Defendant's actions described above constitute willful trademark infringement entitling Alva-Amco to remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION – TRADEMARK INFRINGEMENT

53. Alva-Amco re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-28.

54. Alva-Amco has continuously and extensively used the FUNGICURE trademark throughout the United States in connection with the marketing and sale of its anti-fungal treatment products.

55. Alva-Amco's FUNGICURE trademark has come to represent and symbolize high quality products.

56. Defendant is not authorized to use Alva-Amco's FUNGICURE trademark.

57. Defendant's use of the HONGO CURA trademark is likely to cause confusion or mistake, or to deceive customers into falsely believing that Defendant is approved by, sponsored by, endorsed by, or otherwise affiliated with Alva-Amco.

58. Defendant's use of the HONGO CURA trademarks described above is and was intentional, willful, and in reckless disregard for Alva-Amco's trademark rights.

59. Defendant's conduct described above has misappropriated and diminished the value Alva-Amco created in its FUNGICURE trademark.

60. Upon information and belief, Defendant's acts, as alleged in this Complaint, have interfered and will interfere with Alva-Amco's ability to conduct its business, and constitutes unfair competition at common law.

61. As a result of Defendant's acts, Alva-Amco has suffered commercial damages for which it may recover.

62. Defendant's actions described above have and are continuing to cause irreparable injury to Alva-Amco for which there is no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES IN VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR COMPETITION PRACTICES ACT, FLA. STAT. ANN. §§ 501.201-213 ("FDUTPA")**

63.     Alva-Amco re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-28.

64.     Defendant has violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") codified in Fla. Stat. § 501.201 *et. seq.*  FDUTPA applies to "unfair methods of competition, unconscionable acts or practices, and unfair and deceptive practice in the conduct of any trade or commerce." "Trade or commerce" is defined under § 501.203 to encompass "advertising, soliciting, providing, offering, or distributing … any good or service."

65.     As discussed above, Defendant has advertised, offered, and distributed its anti-fungal treatments using the deceptive HONGO CURA trademarks that directly infringe Alva-Amco's FUNGICURE trademark.  Defendant's actions have deceived, and are likely to continue to deceive,  to cause confusion, to cause mistake, to mislead, or to deceive as to the origin, sponsorship or approval for Defendant and its HONGO CURA products, and thus constitutes unfair or deceptive acts or practices in violation of FDUTPA.

66.     Alva-Amco has suffered and continues to suffer irreparable damages, and is without adequate remedy at law.  Unless enjoined by the Court, Defendant's violations of FDUTPA will continue.

67.     Upon information and belief, as a direct and proximate result of these violations of FDUTPA by Defendant, Alva-Amco has sustained actual losses and damages.

11

## FIFTH CAUSE OF ACTION
## <u>CANCELLATION OF DEFENDANT'S HC MAX HONGO CURA TRADEMARK</u>
## (<u>15 U.S.C. § 1119</u>)

68. Alva-Amco re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-28.

69. Pursuant to 15 U.S.C. § 1119, the Court has authority to determine Defendant's right to registration, order the cancellation of its registrations, in whole or in part, and otherwise rectify the register.

70. Defendant filed an application to register the trademark and design HC MAX HONGO CURA on December 12, 2012, almost twenty years after Alva-Amco registered and began to use its FUNGICURE mark. The HC MAX HONGO CURA trademark was registered on October 15, 2013, Registration No. 4,419,895.

71. Because the HC MAX HONGO CURA mark is confusingly similar to Alva-Amco's FUNGICURE mark, Defendant's HC MAX HONGO CURA trademark Registration No. 4,419,895, should be cancelled.

## <u>JURY DEMAND</u>

Alva-Amco demands trial by jury on all claims so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Alva-Amco respectfully requests judgment and relief against Defendant as follows:

A. A permanent injunction prohibiting Defendant and any employees, officers, members, managers, agents, representatives, successors, affiliates, assigns and any entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, from:

    1.    using the HONGO CURA trademarks or any other marks confusingly similar to Alva-Amco's FUNGICURE trademark, including but not limited to Defendant's HONGO CURA and HC MAX HONGO CURA trademarks; and

    2.    using any trademark, service mark, name, logo, domain name, or source designation that is a copy, reproduction, colorable imitation, or confusingly similar to Alva-Amco's FUNGICURE trademark, or is likely to cause consumer confusion, mistake, or to deceive consumers that Defendant's products originate from Alva-Amco or are authorized by, sponsored by, endorsed by, or otherwise affiliated with Alva-Amco;

B.    Cancellation of Defendant's HC MAX HONGO CURA trademark U.S. Registration Number 4,419,895.

C.    An award to Alva-Amco of monetary remedies in an amount to be determined by a trier of fact for all harm caused by Defendant's actions, including Defendant's profits, the damages sustained by Alva-Amco, costs of the action, reasonable attorney's fees, and treble damages and profits as authorized by law;

D.    An award of Alva-Amco's interest, including prejudgment interest, on the foregoing amounts;

E.    An order to Defendant to provide for destruction of all products, labels, signs, prints, advertisements or other materials in Defendant's possession bearing the HONGO CURA trademarks or any other word, term, name, symbol, device, or combination thereof, designation, description or representation that is a

    reproduction, counterfeit, copy, or colorable imitation of Alva-Amco's FUNGICURE trademark; and

F. An award to Alva-Amco of such other and further relief as the Court may deem just and proper.

Dated: February 3, 2017        Respectfully submitted,

                     <u>s/Brian W. Toth</u>
                     Brian W. Toth
                     Fla. Bar No. 57708
                     brian.toth@hklaw.com
                     Holland & Knight LLP
                     701 Brickell Avenue, Suite 3300
                     Miami, Florida 33131
                     Telephone: (305) 374-8500
                     Facsimile: (305) 789-7799

                     POLSINELLI PC
                     Keith J. Grady (*Pro Hac Vice* forthcoming)
                     Robyn Ast-Gmoser (*Pro Hac Vice*
                     forthcoming)
                     100 South Fourth Street, Suite 1000
                     St. Louis, MO 63102
                     Telephone:(314) 889-8000

                     ATTORNEYS FOR ALVA-AMCO
                     PHARMACAL COS., INC.